## Case No. 6,599.
### HOLDEN v. COLLINS.
[5 McLean, 189.] [1]

Circuit Court, D. Illinois. Dec. Term, 1850.

STATUTE OF LIMITATIONS—ACTUAL POSSESSION OF LAND.

1. Certain statutes of limitation protected all persons who were in the actual possession of land under claim and color of title made in good faith, and who, continuing in such possession for seven successive years, paid all taxes on the same during that time; and also protected all persons who were in possession for seven years, by actual residence on the land, and who had a connected title in law or equity, deducible of record from the state or from the United States, or from any public officer or other person authorised to sell the land for the non-payment of taxes, or under any order, judgment, or decree of a court of record. A person purchased a tract of land at a tax sale in 1839. The defendant claimed, by mense conveyances executed in 1839 and in 1840, from the purchaser, and had been in actual possession, and had paid taxes for seven successive years prior to the commencement of the suit. But, though the purchaser at the tax sale was entitled to a deed in 1841, none was actually made by the officer till the first day of June, 1850, after this suit was brought: *Held*, that the defendant was not within the purview of the statutes, and was not protected by them.

2. The title deducible of record, and the claim and color of title contemplated by the statutes, was the deed of June, 1850, and that having been made under a sale which the supreme court of Illinois has decided to be illegal, it could not relate back so as to protect the possession of the defendant.

3. It seems that the rule would have been different, if the deed had been made in 1841 to the purchaser at the tax sale, and the defendant had obtained the purchaser's title, and had been, for seven years, in actual possession of the land, made and held in good faith under that title, though in point of law the sale was illegal.

[Action at law by William Holden against William Collins.]

E. N. Powell, for plaintiff.
H. O. Merriman, for defendant.

DRUMMOND, District Judge. This is an action of ejectment, which has been submitted upon an agreement as to the facts, and a written argument has been filed by the counsel. The plaintiff claims title to the land in controversy through a patent from the United States, dated Dec. 2, 1818. The possession of the defendant at the commencement of the suit is admitted. The defendant claims title to one hundred and twenty acres, parcel of the premises described in the declaration under a sale made March 4, 1839, for the taxes of 1838, at which sale one A. H. Fash was the purchaser. It is conceded that this sale comes within the rule laid down by the supreme court of Illinois in the cases of Graves v. Bruen, 11 Ill. 431, and Tibbetts v. Job, Id. 453, the land not having been listed in conformity with law.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

A. H. Fash, the purchaser, conveyed the land to a third person on the 18th of May, 1839, who conveyed it to the defendant, March 16, 1840. But there was no deed made to the purchaser at the tax sale till the first day of June, 1850. It is not stated, but it may be presumed, that the claim of the defendant was of that kind, that the after acquired title of the original purchaser would enure to his benefit—if of any validity. The defendant had been in possession of the land by actual residence, and had paid the taxes, for seven successive years prior to the commencement of the suit.

The question is, whether the defendant was in possession and had paid taxes under claim and color of title, or had a connected title in law or equity, deducible of record, or from any public officer of this state, as contemplated by the acts of 1839 and 1835. Rev. St. 1845, pp. 104, 349, 350. When the defendant went into possession, his title was a conveyance by deed from the purchaser at the tax sale, and by mesne conveyance to himself, but there was no deed from the proper officer to the original purchaser. It is clear, therefore, when he took possession, he had no title deducible of record from this state or the United States, nor from any officer or other person apparently authorized to sell the land for taxes, nor from any sheriff or other person authorized to sell the land on execution. That title did not vest in him by operation of law until the deed was made to the original purchaser on the 1st of June, 1850, long after this suit was brought. And besides, the language of the law of 1835 (Rev. St. 1845, p. 349, §§ 8, 11) is express, that when the possessor shall acquire title after the time of taking such possession, the limitation shall begin to run, not from the time of taking possession, but from the time of acquiring title. Neither had the defendant claim or color of title as was required by the law of 1839. A construction of this statute, and of the meaning of these words, has been given by the supreme court of this state, and that is a rule of decision for this court. In Irving v. Brownell, 11 Ill. 402, the court say, by "claim and color of title made in good faith," is meant a title which, tested by itself, would be good; such a one as would authorize the recovery of the land when unattacked—that is, a prima facie title. [See Moore v. Brown, 11 How. (52 U. S.) 414.] If we apply this rule to the facts of this case, it will be manifest that the defendant had not such a claim or color of title. If he had sought to recover the land, his sole title was by a deed from the purchaser at the tax sale, and, prima facie. he had no title whatever; he had at most a right. or claim to call for a title.

But it is contended that this deed, though not executed till 1850, operates back by relation to the time when it was demandable, March 4, 1841, and by connecting it with the possession and payment of taxes for seven

years, a claim and color of title, and a title deducible from a person authorized to sell the land for taxes, are made out. It is said that when the land is unredeemed at the expiration of two years, the deed was demandable of right, and that was the inception of the claim, the deed itself being the mere evidence of title. In a case decided at the last June term of the court, this point was discussed, and it was held that the doctrine of relation did not apply to such a case as the present. When an attachment is levied on real estate, and is followed up by judgment, execution and deed of the sheriff, the title relates back to the levy so as to supersede all claims subsequent to the levy, because the levy, if duly made, becomes a lien upon the property. If a judgment is rendered which becomes a lien upon real property from the last day of the term, and execution is issued within a year, though no sale may take place, or even levy, and other subsequent judgments may be rendered which also become liens upon the land, still, if the first judgment creditor makes his levy, and sells and obtains his deed, it relates back so as to cut off all intervening judgments. If a mortgage is given on a tract of land, and is duly recorded, though other mortgages and judgments may afterwards bind the land, if the first mortgagee forecloses his mortgage, sells the land, and takes a deed, it relates back to the time of the mortgage. But in none of these familiar cases can it be said that they relate in such a manner as that the statute of limitations will begin to run, so that if the original title fails, a party can plead that as a defense to an action brought against him, unless, indeed, the original title is that prima facie title contemplated by the statute. So in this case, a purchase at a tax sale, and a deed by the officer, may relate back so as to override certain intervening claims upon the land sold; but it has not the magic power of making the statute of limitation run by relation. Suppose a man is a purchaser at a sale upon an ordinary execution, of real property. He pays the purchase money, his name is indorsed upon the execution, the 'fifteen months expire, he is entitled to his deed, but without it he brings his action of ejectment for the recovery of possession of the property. Can he recover it in a court of law? The mere statement of the case is an answer. It is the deed that conveys the property under our law. That is the title deducible of record which our courts recognize. If the doctrine contended for in this case were to prevail, deeds at tax and other sales would be of no further use than as a convenient and satisfactory method of showing that a title had vested. And if it should happen, in a given case, that none had ever been executed, the omission might be readily supplied in various ways; or it might be executed even after the trial was begun, and the doctrine of relation would cure all defects. It is easy to see that to adopt such principles as these would be attended with the most serious consequences. It is a refinement which is not sanctioned by our statutes of limitation; they do not recognize the subtle distinction between the title and the evidence of title; they follow, in this respect, the ancient highways of the law, and when title is referred to, something evidenced by a written instrument is intended, or, at least, something recognized as title by the courts of the country.

It is unnecessary to advert to the question as to what would be the effect of the deed of 1850, if objected to on the ground of its being executed after suit brought, because, even admitting it, the result would be the same, and it being conceded that it is invalid and illegal, in no possible way can it avail the defendant in this action.